IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR NO. 1:16-po-522-SRW |
| | ) | |
| DANNY E. RANDOLPH | ) | |

**<u>ORDER</u>**

This case is before the court on a Central Violations Bureau ("CVB") notice[1] served on defendant Danny Randolph, charging him with a violation of 32 CFR §634.25(c)(3),[2] a petty offense. The violation allegedly occurred at Fort Rucker, a U.S. Army post located mostly in Dale County, Alabama, on August 31, 2016. According to the notice, Randolph was charged by Officer Howell with "cell phone." Defendant failed to appear before the undersigned on November 15, 2016, to answer the charge against him, and the government moved for an arrest warrant.

The CVB notice includes a section on the back entitled "Statement of Probable Cause (For issuance of arrest warrant or summons)." The ticketing officer ordinarily fills out this section and signs it, declaring under penalty of perjury "that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge." Below the statement of probable cause and officer's signature is a space for the signature of the presiding U.S. Magistrate Judge. The judge signs and dates the notice if he or she determines that probable cause has been stated for the issuance of a warrant.

---

[1] The violation number is 6258538.
[2] This code section provides, *inter alia*, as follows: **"*Driver distractions.*** Vehicle operators on a DoD Installation and operators of Government owned vehicles shall not use cell phones unless the vehicle is safely parked or unless they are using a hands-free device. The wearing of any other portable headphones, earphones, or other listening devices (except for hand-free cellular phones) while operating a motor vehicle is prohibited." 32 CFR §634.25(c)(3).

Fed. R. Crim. P. 58(b)(1) provides that the prosecution of a petty offense may "proceed on a citation or violation notice." Fed. R. Crim. P. 58(b)(1). As another federal district court in this state has noted, "Rule 58 … indicates that the charging document for a petty offense need not meet all formal requirements that must be present for the issuance of an indictment, information, or complaint. However, Rule 58 also indicates that the notice of violation must show 'probable cause to believe that an offense has been committed and that the defendant has committed it ... made under oath or under penalty of perjury.'" Sutton v. United States, 2016 WL 1459049, at *1 (N.D. Ala. 2016) (citing Fed. R. Crim. P. 58(d)(3)).

"It is black letter law that a charging document, like a complaint or CVB notice, must set forth sufficient verified facts to support a judicial finding that probable cause exists to believe a crime has been committed and the defendant committed it." United States v. Thomas, 2013 WL 5783408, at *1 (D. Ariz. 2013) (citing the Warrant Clause of the Fourth Amendment; U.S. Const. amend. IV; and Rules 4, 5, 9(a) and 58(d)(3), Fed.R.Crim.P.). "If probable cause does not exist, the complaint or CVB notice must be dismissed." Id. (citing United States v. Hicks, 2009 WL 256419 (D. Mont. 2009) (because the violation notice did not set forth facts constituting an offense, the violation notice was dismissed)).

In the instant case, Officer Howell's statement of probable cause on the back of the CVB notice reads, in its entirety, as follows:[3]

> I state that on <u>31 Aug 2016</u>, while exercising my duties as a
> law enforcement officer in the <u>Middle</u> District of <u>Alabama</u>
> - <u>unmarked traffic car</u>
> - <u>from Novosel to Shoppett [sic] by 5700</u>
> - <u>cell phone in righ [sic] hand by stering [sic] wheel</u>
> - <u>Did not want to give me his documents @ first</u>
> - <u>40 min on traffic stop</u>
> - <u>He was not happy that I wanted his documents & he wanted to talk about what had happened before he gave me his Documents</u>

---
[3] The handwritten portions are underlined.

- <u>He said that he was coneting [sic] his blue tuth [sic] to his vehicle & setting up his hands free system</u>
- <u>He said that his phone was in his hand</u>

"The purpose of a CVB notice, like a complaint, is to enable a magistrate judge 'to determine whether the "probable cause" required to support a warrant [or summons] exists.'" <u>Thomas</u>, 2013 WL 5783408, at *1 (citing <u>Giordenello v. United States</u>, 357 U.S. 480, 485–86 (1958) (stating the rules of criminal procedure "must be read in light of the constitutional requirements they implement")). The facts upon which the magistrate judge bases his or her probable cause determination "must appear within the four corners" of the charging document. <u>Thomas</u>, 2013 WL 5783408, at *2 (citing <u>United States v. Rubio</u>, 727 F.2d 786, 795 (9th Cir.1983). In addition, the CVB notice serves as notice to a defendant of the charge against him or her.[4]

In this case, Officer Howell's statement of probable cause is patently insufficient. Howell's statement nowhere indicates that he actually observed the defendant operating his vehicle while using his cell phone. <u>See</u> 32 CFR §634.25(c)(3). The notation "from Novosel to Shoppett [sic] by 5700" may have been intended to allege that the defendant was traveling on post either from or on Novosel Street to the AAFES Exchange Mobile Center when Howell observed defendant's cell phone in his hand, but this brief, cryptic, and impressionistic jotting falls far short of actually stating the necessary facts. In place of relevant details, Howell mostly offers irrelevant complaints – for example, the fact that the stop took 40 minutes, or that defendant "was not happy that I wanted his documents & he wanted to talk about what had happened before he gave me his Documents." Howell may appropriately keep his own personal notes about a traffic stop to jog his memory for later testimony, but they do not belong in a statement of probable cause on a formal charging

---

[4] The charge of "cell phone" noted on the face of the ticket in this case is barely sufficient to give proper notice of the offense. Had the ticket not included the relevant CFR section as well, this would have been an additional ground for dismissal.

document of the federal court (styled on its face as a "United States District Court Violation Notice"). In addition, Howell's repeated spelling errors on this and other CVB notices reviewed by the undersigned are unprofessional, and reflect poorly on both his office and the court.

Because the statement of probable cause in this case fails to set forth sufficient verified facts within the four corners of the CVB notice to support a judicial finding that probable cause exists to believe that a crime has been committed and the defendant committed it, it is

**ORDERED** that Violation Notice No. 6258538 is **DISMISSED** for lack of probable cause.

DONE, on this the 10th day of January, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge